UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KAREL SPIKES,<br><br>                      Plaintiff,<br><br>v.<br><br>SUHAM SAEED, et al.,<br><br>                      Defendants. | Case No.: 18cv1990-LAB (MDD)<br><br>**ORDER REQUIRING PLAINTIFF TO INVESTIGATE DEFENDANT'S DENIALS** |
|---|---|

    Plaintiff Karel Spikes filed a Complaint bringing claims under the Americans with Disabilities Act in connection with Duke's Liquor, a retail liquor and grocery store, and alleging that the conditions of the store violate various provisions of the ADA, particularly the ADA's parking requirements.

    Defendants Saeed and Sako, the owners of the property, have filed an Answer disputing many of Plaintiff's claims. Among other issues they identify, Defendants note that Duke's has no accessible parking spaces because Duke's maintains no parking spaces at all—only "a narrow alley allows customers to access the premises." [Dkt. 3 at 4]. This parking arrangement, or lack thereof, is consistent with the San Diego Planning Department's guidance. They further assert that the building was built in 1965 and thus does not fall under the requirements of the ADA.

If Defendants' contentions are true, the Court may be unable to grant injunctive relief against Defendants, rendering Plaintiff's ADA claim moot. The Court is required to raise the issue of mootness *sua sponte*. *See Schutza v. Zulkoski*, 2014 WL 5092875 at *1 (S.D. Cal., Oct. 9, 2014) (citing cases). The terms of the 2004 settlement between these parties in Case No. 03cv1869 may also render the Court unable to grant the relief requested here.

Fed. R. Civ. P. 11(b)(3) requires that a party make an inquiry into factual allegations that is reasonable under the circumstances before presenting a pleading to the Court, and before continuing to advocate it. In light of Defendants' denials, a reasonable inquiry would involve Spikes's investigation of Defendants' statements to see whether he in good faith can maintain a cognizable claim under the ADA.

Plaintiff is **ORDERED** to investigate Defendants' representations and confirm whether he believes Defendants' business is subject to, and violates, the ADA's requirements. Plaintiff should also revisit the terms of the 2004 settlement to ensure the present litigation does not violate that agreement. Only after doing so should he continue to prosecute these claims, and only if he can do so consistent with Fed. R. Civ. P. 11.[1] Otherwise he should seek dismissal, by joint motion if possible, and by *ex parte* motion if necessary.

**IT IS SO ORDERED**.

Dated: September 17, 2018

Hon. Larry Alan Burns
United States District Judge

---

[1] The Court is not requiring Plaintiff at this time to document his investigation, but he should be prepared to do so if he continues to litigate claims.